IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **CARGILL, INC.** | **PLAINTIFF** |
| V. | CAUSE NO. 3:11-CV-00545-CWR-FKB |
| **MCDONALD TRUCKING, INC., AMFED COMPANIES, LLC, AND STATE NATIONAL INSURANCE COMPANY** | **DEFENDANTS** |

. . .

| | |
|---|---|
| **STATE NATIONAL INSURANCE COMPANY** | **THIRD-PARTY PLAINTIFF** |
| V. | |
| **MCDONALD TRUCKING, INC., PHILLIP COVERSON, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF PHILLIP COVERSON, AND ABC INDIVIDUALS AND XYZ ENTITIES** | **THIRD-PARTY DEFENDANTS** |

### ORDER DISMISSING COUNTERCLAIM OF PHILLIP COVERSON

The question at hand is whether an insurance company acts in bad faith or breaches the covenant of good faith and fair dealing when it defends its insured under a reservation of rights while also seeking a declaratory judgment to test whether it must continue to defend. This Court holds that it does not. Therefore, State National Insurance Company's motion to dismiss Phillip Coverson's counterclaim is granted.

On July 29, 2010, Phil Coverson died while unloading cotton seed from a trailer owned by McDonald Trucking, Inc., at a plant owned by Cargill, Inc..[1] On August 6, 2010, Coverson's

---

[1] Coverson's Answer to Amended Third Party Complaint and Counterclaim Against State National Insurance Company [Docket No. 48] at 3.

1

beneficiaries (hereinafter collectively "Coverson") filed suit against McDonald, Cargill, and others in Hinds County Circuit Court on a claim of negligence.[2] That suit set off a chain reaction of complicated pleading and cross-pleading, but only the final layer of the dispute is relevant today.

Coverson's suit led to a crossclaim by Cargill against McDonald in which Cargill alleged that McDonald must indemnify Cargill in the event that a judgment is rendered against Cargill.[3] After Cargill filed its crossclaim, McDonald demanded defense and indemnity from State National Insurance Company.[4] State National responded by reserving its rights under the policy, including (if it exists) its right not to defend and indemnify,[5] but according to State National, it "has not denied coverage to [McDonald] for the claims of Coverson nor has it [attempted] to avoid its obligations to pay the Coverson claims . . . ."[6] Coverson does not refute State National's contention.[7]

Cargill brought suit in federal court on August 24, 2011, seeking a declaratory judgment

---

[2] State Court Complaint at 2.

[3] Cargill, Incorporated's Cross-Claim for Indemnity Against McDonald Trucking, Inc. [Docket No. 63-2] (hereinafter "Cargill's Crossclaim").

[4] Third-Party Plaintiff/Counter-Defendant State National Insurance Company's Motion to Dismiss Counterclaim Filed by Phillip Coverson, Individually and on Behalf of the Wrongful Death Beneficiaries of Phill Coverson [Docket No. 63] (hereinafter "Motion to Dismiss Counterclaim") at 3. *See also* State National Commercial Lines Policy No. SAP002570 (hereinafter "Policy").

[5] Reservation of Rights Letter [Docket No. 63-5] at 3.

[6] Motion to Dismiss Counterclaim at 3 (quotations omitted).

[7] *See* Brief of Authorities in Support of Phillip Coverson's Response to State National's Motion to Dismiss Counterclaim [Docket No. 71] (hereinafter "Coverson's Response").

2

that McDonald and State National owed a duty to defend and indemnify Cargill.[8] Soon thereafter, State National responded with a Third-Party Complaint[9] seeking a declaratory judgment that it owed no duty to defend and/or indemnify against claims made by Coverson's wrongful-death beneficiaries.

Finally, in the matter most relevant to today's decision, Coverson filed a counterclaim against State National, alleging that "[t]he attempt of State National to avoid its obligations to pay the Coverson claims constitutes a bad faith breach of the contract with McDonald Trucking of which the Coverson plaintiffs are third party beneficiaries."[10] The counterclaim also alleges a breach of the covenant of good faith and fair dealing.

The matter is now before the Court on State National's motion to dismiss Coverson's counterclaim.[11]

## **ANALYSIS**

State National argues that Coverson's counterclaim fails to state a claim upon which relief can be granted. Such a motion attacks the legal sufficiency of a claim, and so long as the claim is plausible on its face, the motion must be denied.[12]

---

[8] Complaint for Declaratory Judgment [Docket No. 1].

[9] Amended Answer and Defenses of State National Insurance Company to Complaint for Delcaratory Judgment and Third Party Complaint [Docket No. 63-6] (hereinafter "State National's Third-Party Complaint").

[10] Coverson's Answer to Amended Third Party Complaint and Counterclaim Against State National Insurance Company [Docket No. 48] (hereinafter "Coverson's Counterclaim") at 5.

[11] Motion to Dismiss Counterclaim.

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

3

"Mississippi law recognizes a claim of bad faith refusal of insurance coverage, and a corresponding chance to recover punitive damages, if a plaintiff can prove (1) there was no arguable or legitimate reason to deny coverage and (2) the insurer acted willfully, maliciously, or with gross and reckless disregard for the insured's rights."[13]

Regarding the covenant of good faith and fair dealing, the Mississippi Supreme Court has written that

> [e]very contract contains an implied covenant of good faith and fair dealing in performance and enforcement. Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness. Bad faith, in turn, requires a showing of more that bad judgment or negligence; rather, "bad faith" implies some conscious wrongdoing because of dishonesty or moral obliquity.[14]

In support of its motion to dismiss Coverson's counterclaim, State National argues that Coverson has not argued that State National actually has denied coverage and, therefore, that Coverson has failed to state a claim.[15] The Court agrees.

In the Counterclaim, Coverson contends that "[t]he attempt of State National to avoid its obligations to pay the Coverson claims constitutes a bad faith breach of the contract with McDonald Trucking . . . ." Even if Coverson could assert such a claim – and the Court does not address that question – Coverson does not allege that State National *actually* avoided its obligations. Indeed, State National represents in both its briefs on this matter that it continues to

---

[13] *McLendon v. Wal-Mart Stores, Inc.*, 521 F. Supp. 2d 561, 565 (S.D. Miss. 2007) (Starrett, J.) (citing *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003)).

[14] *Harris v. Mississippi Valley State Univ.*, 873 So. 2d 970, 987 (Miss. 2004) (quotations and citations omitted).

[15] Motion to Dismiss Counterclaim at 5.

defend McDonald, pending the ultimate outcome of this declaratory-judgment action,[16] and Coverson's claims, as pled, concede that point.

Likewise, Coverson premises the claim for breach of the covenant of good faith and fair dealing on the allegation that State National "attempt[ed] to avoid their obligation to pay." Even if not paying would be a breach, an attempt to do so is not a breach.[17]

Moreover, as State National correctly points out, both federal and state courts have concluded that defense under a reservation of rights is not an act of bad faith.[18] Coverson offers no authority to the contrary.

Coverson's three arguments in response to State National's motion are not compelling. First, Coverson argues that a genuine issue of material fact exists as to the question of whether the decedent was a covered insured under the State National policy.[19] Second, Coverson contends that State National's delay in issuing its reservation-of-rights letter amounts to bad faith.[20]

---

[16] *See, e.g.*, Reply to Phillip Coverson's Response to State National's Motion to Dismiss Counterclaim [Docket No. 77] (hereinafter "State National's Reply") at 2.

[17] *See, e.g., Johnson v. Lowndes Cnty. VFW Post #4272*, 2012 WL 1004895, *4 (N.D. Miss. March 26, 2012) (a party has not breached the implied covenant of good faith and fair dealing when the party took only those actions which were authorized by the contract) (quotations and citations omitted).

[18] State National's Reply at 4-5 (citing *Stratford Ins. Co. v. Cooley*, 985 F. Supp. 665, 673 (S.D. Miss. 1996) (Lee, C.J.); *Emp'rs Mut. Cas. Co. v. Tompkins*, 490 So. 2d 897, 905 (Miss. 1986)). *See also Accident Ins. Co. v. Classic Building Designs*, *LLC*, 2011 WL 1813268, *4 (S.D. Miss. May 6, 2011) ("the instigation of an action for declaratory judgment to determine coverage is not, itself, evidence of 'bad faith' and it actually may be *prima facie* evidence of 'good faith'").

[19] Coverson's Response at 4.

[20] Coverson's Response at 8. State National issued the letter in January 2012, more than four months after the question of its duty to defend arose through this declaratory-judgment

Finally, Coverson claims that a genuine issue exists as to whether Coverson is a third-party beneficiary under the State National policy.

None of these questions, even if answered in Coverson's favor, persuades in favor of denying State National's motion. Whether Coverson was a covered insured or third-party beneficiary relates only to whether State National is under a duty to defend; it has no bearing on the claims of bad faith or the covenant of good faith and fair dealing, both of which would require, at a minimum, an actual refusal to defend. Doubtlessly, the questions presented by Coverson will be of paramount importance when this declaratory-judgment action is ultimately decided.[21] But for now, the question is only whether State National acted in bad faith and/or breached the covenant of good faith and fair dealing by defending McDonald under a reservation of rights. Precedent compels a negative answer to those questions.[22]

In support of the contention that a delay in issuing the reservation-of-rights letter amounts to bad faith, Coverson relies on a Fifth Circuit decision from 1992 in which that court applied Louisiana law to hold that "[t]he insurer's notice of its intent to avail itself of the defense of noncoverage must be timely."[23] But again, this point is relevant only on the ultimate question of

---

action's filing in August 2011.

[21] Briefing on that very issue has yet to be completed. See [Docket Nos. 89, 94, 103, 106 and 107].

[22] *Supra* at n.18.

[23] *Peavey Co. v. M/V ANPA*, 971 F.2d 1168, 1175 (5th Cir. 1992). *See also Pac. Indem. Co. v. Acel Delivery Serv., Inc.*, 485 F.2d 1169, 1173 (5th Cir. 1973) ("[I]f an insurer assumes the insured's defense without obtaining a non-waiver agreement or a reservation of rights and with knowledge of the facts indicating noncoverage, all policy defenses, including those of noncoverage, are waived, or the insurer may be estopped from raising them.") (applying Texas law).

whether State National's policy requires it to defend and indemnify McDonald; it is not, in and of itself, an act of bad faith. At most, the decision to defend under a reservation of rights is a qualification to its decision to defend and indemnify; it certainly is not an outright refusal to do so. Therefore, both claims fail.

The motion to dismiss Coverson's counterclaim is granted.

SO ORDERED this Twenty-Fourth day of May 2012.

    /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge